## Wedge's Petition

*H. G. Gress*, for petitioner.
*Budd B. Boose*, for respondent.

Boose, P. J., October 3, 1938.—Abraham L. Wedge, the above-named mortgagor, presented his petition for a rule upon George A. Darr, the present Recorder of Deeds of Somerset County, Pa., to show cause why said mortgage should not be marked satisfied upon the record thereof. Petitioner alleges that under date of September 1, 1913, he executed and delivered a mortgage to Mary

Shelbaer for $900, with interest from said date, recorded in the office aforesaid on September 3, 1913, in Mortgage Book, vol. 30 p. 282; that said mortgage has been fully paid, the final payment having been made to the mortgagee on April 15, 1922, in the office of William B. Cook, Esq., then a justice of the peace at Meyersdale, Pa., when and where she executed and acknowledged a power of attorney to Edw. B. Barnett, to enter satisfaction upon the margin of the record of said mortgage, but the said power of attorney was not recorded; that George A. Darr, the present recorder of deeds, refuses to mark said mortgage satisfied under said power of attorney; that there is no merit to the contention of the recorder of deeds that he has no authority under said power of attorney to mark said mortgage satisfied of record; and that Mary Shelbaer died more than 10 years ago, leaving no estate and having no personal representatives. In reply to the rule awarded upon said petition, respondent filed an answer, disclaiming knowledge of the payment of said mortgage and the execution and acknowledgment of said power of attorney; admitting that he refused to satisfy said mortgage under said power of attorney and that the copy thereof attached to the petition is a true copy; denying that the same confers upon him any authority to mark said mortgage satisfied; alleging that he has been so advised by counsel, and that the court is without authority to direct him to satisfy said mortgage under said power of attorney; and disclaiming any knowledge of the death of Mary Shelbaer, the mortgagee.

The petition is grounded upon the Act of April 28, 1915, P. L. 198, which provides: .

"That in all cases where any owner or holder of a mortgage, having legal power to satisfy the same, has heretofore executed and delivered, or may hereafter execute and deliver, a power of attorney authorizing the recorder of deeds of the county in which such mortgage is recorded, in office at the time of such execution and delivery, by his official title to enter satisfaction of such mortgage

upon the record, and such satisfaction has not been entered, such power of attorney when duly recorded shall be a sufficient authority to any subsequent recorder of deeds of the same county to enter satisfaction of such mortgage upon the record thereof."

The power of attorney in question, after captioning the names of mortgagor and mortgagee, date of mortgage, location of property encumbered, amount of mortgage, and record volume, reads as follows:

"I do hereby authorize and empower Edward B. Barnett of Somerset, Pa., for me and in my name and stead to enter satisfaction upon the margin of the record of the above-stated mortgage, the debt thereby secured having been fully paid and for so doing this shall be his sufficient warrant.

"Witness my hand and seal this Fifteenth day of April Anno Domini one thousand nine hundred twenty-two 1922

MARY SHELBAER (Seal)"

Then follows an acknowledgment therof before William B. Cook, justice of the peace, bearing the same date. This power of attorney has not been recorded.

It will be observed that this power of attorney authorized and empowered Edward B. Barnett individually, and not "by his official title" as recorder of deeds, to enter satisfaction upon the margin of the record of said mortgage; and, therefore, it is not sufficient authority to any subsequent recorder of deeds of the same county (respondent) to enter satisfaction of such mortgage upon the record thereof. Unfortunately, the scrivener wrote into said power of attorney the name of Edward B. Barnett, without designating him by his official title as recorder of deeds. The court is powerless to read or write this into the instrument, although we have actual knowledge and record notice that Edward B. Barnett, now deceased, was the then Recorder of Deeds of Somerset County. Even if he were now living, the death of the

4

mortgagee revoked his unexecuted authority to enter satisfaction of said mortgage.

Petitioner is not without remedy. Assuming that Mary Shelbaer, the mortgagee, is dead, his remedy is under the Act of March 31, 1823, P. L. 216.

### Order

Now, October 3, 1938, the rule to show cause why respondent should not mark said mortgage satisfied upon the record thereof is discharged, at the costs of petitioner.